UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE VORNELL LEWIS,

    Petitioner,

v.                                        Case No. 1:18-CV-535

WILLIE SMITH,                        HON. GORDON J. QUIST

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S HABEAS PETITION**

    Petitioner, Jessie Vornell Lewis, has filed a habeas petition pursuant to 28 U.S.C. § 2254. The matter was referred to U.S. Magistrate Judge Ray Kent, who issued a Report and Recommendation (R & R), recommending that the Court deny Lewis' petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 13.) Lewis filed objections to the R & R. (ECF No. 16.) Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

**OBJECTIONS TO FACTUAL ALLEGATIONS**

Lewis objects to several parts of the magistrate judge's recitation of the facts because the statements are based on "hypothetical assumptions." (ECF No. 16 at PageID.1794.)   Lewis first takes issue with the magistrate judge's statement that Lewis' text messages suggested that he planned to rob someone. Lewis' testimony confirms the accuracy of the magistrate judge's statement—"Well, I seen something that I wanted that the individuals had in the house, which is a cellphone and the computer. So at this time I text one of my friends and tell him about the situation but I wanted a ride to be there for when I take the phones and the computer . . . ." (ECF No. 9-9 at PageID.1311.)

Lewis next objects to the magistrate judge's statements regarding the cellphone found at the crime scene and the murder weapon. Lewis complains that the magistrate judge should have explained that the cell phone found at the crime scene could have been dropped by Lewis' co-defendant.  He also contends: "This report correctly identifies that the police found ammunition in [Lewis'] residence that matched the caliber of the gun that shot [the victim], however, this sentence is an assumption, because the gun used to shoot [the victim] was never found, but more importantly, no weapon was found in the Petitioner's residence." (ECF No. 16 at PageID.1796.) The triers of fact, not the habeas corpus court, are tasked with resolving conflicting inferences from the evidence.  *Moreland v. Bradshaw*, 699 F.3d 908, 920 (6th Cir. 2012).  Further, the magistrate judge stated that no witness saw Lewis with a firearm and that the murder weapon was never found.

In his final objection to the magistrate judge's factual recitation, Lewis argues that the magistrate judge should have included more of his trial testimony because his testimony is entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1).  But the presumption of

correctness under § 2254(e)(1) does not apply to Lewis' testimony since it is not "a determination of a factual issue made by a State court." *Id.*

Accordingly, the Court finds that Lewis' objections to the magistrate judge's factual recitation do not demonstrate any factual or legal error in the R & R.

### SUFFICIENCY OF THE EVIDENCE

Lewis argues that the magistrate judge erred in recommending that the Court conclude that Lewis is not entitled to relief on his sufficiency of the evidence claim.  Lewis again makes the same argument that he raised in the state courts and before the magistrate judge—he argues that no witness testified to seeing Lewis with a firearm or firing the firearm during the robbery.  As the magistrate judge noted, the Michigan Court of Appeals cited substantial evidence that supported each conviction.  Lewis again fails to address any of the evidence cited by the Michigan Court of Appeals.  The Court agrees with the magistrate judge's conclusion that the Michigan Court of Appeals' decision is not contrary to or an unreasonable application of clearly established federal law. Accordingly, Lewis is not entitled to habeas relief on his sufficiency of the evidence claim.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Lewis contends that the magistrate judge erred in recommending that the Court conclude that Lewis is not entitled to relief on his ineffective assistance of counsel claim. Lewis first argues that his attorney rendered ineffective assistance of counsel by failing to file a motion for a separate trial.  He claims that the defense presented by his co-defendant was antagonistic to his defense.

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 938 (1993).  As the magistrate judge noted, the United States Supreme Court has

delineated few constitutional rules in this area. (ECF No. 13 at PageID.1778 citing *Bruton v. United States*, 391 U.S. 123, 137, 88 S. Ct. 1620, 1628 (1968).) None of those constitutional rules are implicated in this case. The Michigan Court of Appeals found that separate trials or juries were not warranted as a matter of state law. Because Lewis was not entitled to a separate trial under state law, the Michigan Court of Appeals determined that Lewis did not suffer any prejudice. The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (citation omitted). Lewis could not possibly have been prejudiced by the failure to raise an unmeritorious motion. Thus, the Michigan Court of Appeals' decision is not contrary to or an unreasonable application of clearly established federal law.

Lewis next argues that his attorney rendered ineffective assistance of counsel by failing to object to rebuttal testimony from the victim's brother. Lewis' argument on this issue is confusing but relates to whether the witness was properly sequestered. The Michigan Court of Appeals rejected the claim because Lewis had not shown that the witness was present in the courtroom during the trial. As the magistrate judge noted, Lewis has still not offered any record support for the premise that the witness violated the sequestration order. The Court agrees that Lewis has not shown that his counsel's actions were professionally unreasonable or that he suffered any prejudice. Accordingly, the Michigan Court of Appeals' decision is not contrary to or an unreasonable application of clearly established federal law.

Lewis finally contends that his attorney rendered ineffective assistance of counsel by failing to object to offense variable scoring. The Michigan Court of Appeals extensively addressed this issue. The court concluded that (1) defense counsel was not ineffective for failing to object

4

based on *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (2015), because the Michigan Supreme Court had not yet issued that ruling, and (2) any error was harmless because the corrections to the scoring variables did not alter Lewis' guideline range. As the magistrate judge points out, the state court's determination that any error was harmless necessarily means that it is not prejudicial under *Strickland*. (ECF No. 13 at PageID.1776.) Lewis has not shown otherwise. Thus, the Michigan Court of Appeals' decision is not contrary to or an unreasonable application of clearly established federal law.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Lewis has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Lewis' claim, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Lewis' claim was debatable or wrong. Thus, the Court will deny Lewis a certificate of appealability.

## CONCLUSION

Having reviewed Lewis' objection and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 13) is adopted as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Lewis' habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** by this Court.

A separate judgment will enter.

This case is **concluded**.

Dated: January 27, 2021                                  /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE